## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF GEORGIA
## ATHENS DIVISION

ELIZABETH HART KRICKEL,

      Plaintiff,

v.

TECHNICAL COLLEGE SYSTEM OF
GEORGIA,

      Defendant.

CIVIL ACTION FILE NO:

## COMPLAINT

Plaintiff, Elizabeth Hart Krickel, by and through counsel, hereby files this Complaint against the Technical College System of Georgia, and alleges as follows:

### INTRODUCTION

1.

This is an action to recover for violation of Plaintiff's rights under Section 504 of the Rehabilitation Act of 1973, 29 U.S.C. § 794 *et seq*. ("Section 504"), as amended by the Americans with Disabilities Act Amendments Act of 2008, 42 U.S.C. §12101 et seq. ("ADAAA"). Ms. Krickel is a former library assistant at Athens Technical College.  She is suing because she was verbally abused, denied accommodations and, ultimately, terminated from her job on account of her

disability and because her supervisors did not wish to continue accommodating her.  Ms. Krickel is seeking reinstatement, back pay, compensatory damages, and attorneys' fees to remedy these violations of federal law.

## JURISDICTION AND VENUE

2.

This Court has jurisdiction over this case pursuant to 28 U.S.C. § 1331 (federal question), 28 U.S.C. §1343 (civil rights), 28 U.S.C. §§ 2201 and 2202 (declaratory judgment), and 29 U.S.C. §794a, 42 U.S.C §2000e-5(f)(3), and 42 U.S.C §2000d-7 (Rehabilitation Act).

3.

Venue is proper pursuant to 28 U.S.C. § 1391 in that the unlawful employment practices and the violations of Plaintiff's rights alleged below were committed in this judicial district and division.

## PARTIES

4.

Plaintiff Elizabeth Krickel is a legal resident and citizen of the United States and of the State of Georgia.  During the relevant time period, Plaintiff was an employee of Athens Technical College, a unit of the Technical College System of Georgia.

5.

Plaintiff is and, at all times relevant hereto, was an individual with a disability within the meaning of Section 504 of the Rehabilitation Act of 1973, as amended, 29 U.S.C. §§ 705(9) (B) and (20)(B), which incorporates by reference the standards of the Americans with Disabilities Act, as amended in 2008 ("ADAAA").

6.

Plaintiff also satisfies the requirements for being "regarded as disabled" as defined in the ADAAA at 42 U.S.C. §§12102(1) and (3) and incorporated into the Rehabilitation Act, in that she has had an actual or perceived physical impairment to her musculoskeletal system and a traumatic brain injury since 1998.

6.

In addition, or alternatively, Plaintiff has a Section 504 disability as defined in the ADAAA at 42 U.S.C. §12102 (1)(A) in that she has, since 1998, had a physical and mental impairment that substantially limits her in one or more major life activities or major bodily functions, including musculoskeletal and cognitive functions.

7.

In addition, or alternatively, Plaintiff has a Section 504 disability as defined

in the ADAAA at 42 U.S.C. §12102(A) and 42 U.S.C. §12102 (4)(E)(I) in that she

has, since 1998, had physical and mental impairments that, without regard to the

ameliorative effects of mitigating measures such as medication, surgery and

surgical corrections, substantially limit her in one or more major life activities or

major bodily functions, including her musculoskeletal and cognitive functions.

8.

In addition, or alternatively, Plaintiff has a Section 504 disability as defined

in the ADAAA at 42 U.S.C. §12102(B) in that she has, since 1998, had a record of

one or more physical and mental impairments that substantially limit her in one or

more major life activities or major bodily functions including her musculoskeletal

and cognitive functions.

9.

At all relevant times, Plaintiff was and is a "qualified individual" as defined

by 42 U.S.C. §12111(8) of the ADAAA and §504 of the Rehabilitation Act

because she was able to perform the essential functions of her position as a library

assistant, with or without reasonable accommodation.

7.

Defendant the Technical College System of Georgia ("TCSG") is an entity

subject to suit with its principal place of business located at 1800 Century Place,

Atlanta, Georgia 30345-4304.  TCSG may be served by delivering process to its

Chief Executive Officer, Commissioner Matt Arthur, or by delivering process to a

majority of the Board of Commissioners at their residence or office addresses.

8.

Athens Technical College ("Athens Tech") is a Unit of TCSG subject to

TCSG's management and operational control pursuant to O.C.G.A. § 20-4-18.

9.

TCSG, and Athens Tech by extension, constitute programs or activities

receiving federal financial assistance as defined by the Rehabilitation Act, 29

U.S.C. § 794(b).

10.

As a recipient of federal funding, TCSG, and by extension Athens Tech, are

subject to the requirements of Section 504, including the requirement that they not

subject otherwise qualified individuals with disabilities to discrimination on the

basis of disability.

11.

Defendant TCSG, and by extension Athens Tech, is an "employer" within

the meaning of the ADAAA, 42 U.S.C. § 12101 *et seq.*, as incorporated by the

Rehabilitation Act 29 U.S.C. § 794(d), because it has engaged in commerce or in

an industry affecting commerce within the meaning of the ADAAA and has employed more than 15 persons for each working day in each of 20 calendar weeks in the current or preceding calendar year.

## ADMINISTRATIVE PROCEEDINGS

### 12.

Plaintiff filed a charge of discrimination with the Equal Employment Opportunity Commission and against Defendant within 180 days of the occurrence of the acts of which she now complains.

### 13.

On or about November 22, 2017, the EEOC found cause to conclude that Plaintiff was discriminated against because of her disability in violation of the ADA and attempted conciliation, which was unsuccessful.  The EEOC then referred the matter to the U.S. Department of Justice Civil Rights Division for review.  That review is on-going.

## STATEMENT OF FACTS

### 14.

Plaintiff suffers from disabilities that she incurred as a result of injuries she received in approximately November 1998.

- 6 -

15.

More specifically, Plaintiff incurred injuries to her brain and spine that required years of rehabilitation and that continue to substantially limit her musculoskeletal and cognitive functions.

16.

For years, including the entirety of Plaintiff's employment with Athens Tech, Plaintiff has received social security disability income on account of her disability and limited skills.

17.

Plaintiff's employment with Athens Tech began on or about May 3, 2004, when she was hired through a vocational rehabilitation program as a part-time, 19.5 hours per week employee assisting in the library.

18.

In order to determine her continuing right to receive disability income, the Social Security Administration regularly communicated with Athens Tech to confirm that her income was less than the maximum allowed and only for part-time employment.

19.

Athens Tech regularly supplied this information to the Social Security Administration.

20.

Although Plaintiff was part-time, she was never a temporary or seasonal employee nor was she ever advised that her job was for a limited duration.

21.

Plaintiff enjoyed her work for Athens Tech and, in addition to some added income, it provided her with a sense of pride, identity and personal achievement in spite of her disabilities.

NECESSARY JOB ACCOMMODATIONS

22.

Because of her disabilities, Plaintiff required some minor job accommodations in order for her to perform her duties.

23.

Accommodations that were provided by Athens Tech included a restriction on climbing ladders and reaching to high places so as to prevent further damage to her spine as well as written work instructions so that she could better understand and process her assignments.

24.

It was Plaintiff's understanding that the accommodations she required were maintained by Athens Tech's Human Resources Department and, whether or not that was true, Plaintiff was provided these accommodations, which allowed her to perform her job well for many years.

HOSTILITY AND TERMINATION

25.

Beginning in approximately 2015, Plaintiff's supervisor, Carol Stanley, had begun to ignore or disregard the accommodations Plaintiff needed to perform her job, regularly becoming frustrated or angry when Plaintiff would bring them up in response to a job assignment.

26.

Plaintiff complained to Becky Burton in the Human Resources ("HR") Department about this problem and requested assistance offering the option of having a vocational rehab or ADA representative to help her supervisor and Athens Tech understand her needs.

27.

Unfortunately, nothing was done to remedy the problem and an apparent resentment toward Plaintiff and her required accommodations continued to fester,

prompting Ms. Stanley to look for opportunities to terminate the Plaintiff.

28.

On or about Monday, January 27, 2017, Plaintiff was discussing her disability and need for accommodation with Ms. Stanley when Ms. Stanley became angry, insisting that there was no program for accommodating Plaintiff and that she was not really disabled.

29.

Plaintiff objected to these accusations, explaining that she was disabled and in need of accommodation but was called a liar.

30.

Plaintiff responded that it was her understanding HR would have a listing of her required accommodations and that she would obtain them.

31.

On or about January 30, 2017, Plaintiff checked her Human Resources file only to learn that there was nothing in there about disability related accommodations.

32.

Plaintiff reminded Ms. Burton in HR that she was disabled and in need of accommodations, including written instructions and limits on use of ladders and overhead work.

33.

Plaintiff also advised Ms. Burton that she would obtain a notice from Social Security to confirm her disability.

34.

Following this exchange, realizing that Plaintiff was upset over a lack of accommodations in her personnel file and fearing that Plaintiff would attempt to enforce her rights under the Americans with Disabilities Act, Ms. Stanley contacted the Athens Tech's Vice President for Academic Affairs Dr. Caroline Angelo suggesting that Plaintiff be fired.

35.

On or about February 7, 2017, Plaintiff had another exchange with Ms. Stanley about her need for accommodation and again was called a liar and told that she was making things up.

36.

On or about February 8, 2017, Plaintiff received confirmation of her disability status from Social Security.

37.

On or about February 9, 2017, Plaintiff took her letter from Social Security in to work.

38.

Upon her arrival at work, Plaintiff told a co-worker that she had received her notice from Social Security and was hoping that she could work things out with Athens Tech.

39.

Later that morning, Plaintiff saw Ms. Stanley and informed her that she had in fact received her notice of disability from Social Security and handed it to her.

40.

Ms. Stanley was extremely agitated and aggressively tossed the letter back at Plaintiff and stormed off, muttering about termination.

41.

Plaintiff then attempted to contact Social Security to get a representative from Vocational Rehabilitation Services on the phone but was unable to do so.

42.

When Plaintiff hung up, she was approached by Dr. Angelo and told that she was being terminated.

43.

Dr. Angelo handed Plaintiff a Separation Notice stating that Plaintiff was being terminated due to the "end of temporary employment."

44.

Following Plaintiff's termination, Ms. Stanley, with the assistance of others in management at Athens Tech attempted to create a story in which Plaintiff's separation was prompted by her resignation as opposed to the termination on account of her disability.

45.

The fact is that Plaintiff never resigned and would have continued to work in the Library at Athens Tech were it not for her discriminatory termination.

46.

Defendant's actions, by and through Athens Tech's officers and managers, were done intentionally, willfully and in a bad faith violation of Plaintiff's rights under the Rehabilitation Act.

47.

The effect of the above-stated actions has been to deprive Plaintiff of employment opportunities, income in the form of wages, prospective employment benefits, including social security and other benefits to which she would have been entitled but for these illegal actions.

48.

The effect of Defendant's above-stated actions, by and through Athens Tech's officers and managers, has also caused Plaintiff out-of-pocket losses, including attorney's fees, and mental and emotional distress for which she seeks compensation.

**COUNT ONE**
**VIOLATION OF THE REHABILITATION ACT – ACTUAL DISABILITY**

49.

Plaintiff incorporates by this reference all of the preceding paragraphs of the Complaint.

50.

At all times relevant hereto, Defendant has been subject to the requirements of Section 504 of the Rehabilitation Act as amended by the ADAAA.

- 14 -

51.

At all times relevant hereto, Plaintiff was an individual with a disability as defined under the Rehabilitation Act.

52.

Moreover, at all times relevant hereto, Plaintiff has been a qualified individual with a disability as that term is defined under the Rehabilitation Act in that she was able to perform the essential functions of her job either with or without accommodation.

53.

At all times relevant hereto, Defendant, through the officers and managers at Athens Tech, was aware of Plaintiff's disability and her ability to perform her job with or without accommodations.

54.

Despite her ability to perform her job with or without accommodation, Plaintiff was fired, which termination was done on account of Plaintiff's disability and in order to avoid further accommodation of Plaintiff's disability.

55.

Defendant's actions, by and through the officers and managers at Athens Tech, amount to a violation of Section 504 of the Rehabilitation Act, which

prohibits discrimination on the basis of disability in any program that is the recipient of Federal funding.

56.

As a direct and proximate result of Defendant's intentional discrimination, Plaintiff has suffered out of pocket losses and has been deprived of job-related economic benefits, including income in the form of wages and other job-related benefits, including social security, all in an amount to be established at trial.

57.

In addition, Defendant's actions have caused, continue to cause, and will cause Plaintiff to suffer damages for emotional distress, mental anguish, loss of enjoyment of life, and other non-pecuniary losses all in an amount to be established at trial.

## COUNT TWO
### VIOLATION OF THE REHABILITATION ACT – REGARDED AS DISABLED

58.

Plaintiff incorporates by this reference all of the preceding paragraphs of the Complaint.

59.

At all times relevant hereto, Defendant has been subject to the requirements of Section 504 of the Rehabilitation Act as amended by the ADAAA.

60.

At all times relevant hereto, Plaintiff was an individual with a disability as defined under the Rehabilitation Act inasmuch as he was regarded as a person with an impairment as defined by the Act as amended.

61.

Moreover, at all times relevant hereto, Plaintiff has been a qualified individual with a disability in that she was able to perform the essential functions of her job either with or without accommodation.

62.

Despite her qualifications, Plaintiff was discharged in violation of Section 504 of the Rehabilitation Act as amended by the ADAAA at 42 U.S.C. §12102(1)(C) and (3) which prohibits discrimination against qualified individuals because of an actual or perceived physical impairment.

63.

As a direct and proximate result of Defendant's intentional discrimination, Plaintiff has suffered out of pocket losses and has been deprived of job-related economic benefits, including income in the form of wages and other job-related benefits, including social security, all in an amount to be established at trial.

64.

In addition, Defendant's actions have caused, continue to cause, and will cause Plaintiff to suffer damages for emotional distress, mental anguish, loss of enjoyment of life, and other non-pecuniary losses all in an amount to be established at trial.

**COUNT THREE**
**VIOLATION OF THE REHABILITATION ACT – RECORD OF DISABILITY**

65.

Plaintiff incorporates by this reference all of the preceding paragraphs of the Complaint.

66.

At the time of her termination, Plaintiff had a record of disability as defined by Section 504 of the Rehabilitation Act in that she had a history of substantially limiting physical impairments.

67.

Defendant had knowledge of Plaintiff's record of disability, including her physical and mental impairments through the officers and managers of Athens Tech.

68.

Moreover, at all times relevant hereto, Plaintiff has been a qualified individual with a disability in that she was able to perform the essential functions of her job either with or without accommodation.

69.

Despite her qualifications, Plaintiff was discharged in violation of Section 504 of the Rehabilitation Act which prohibits discrimination against qualified individuals because of disability, including having a record of disability.

70.

As a direct and proximate result of Defendant's intentional discrimination, Plaintiff has suffered out of pocket losses and has been deprived of job-related economic benefits, including income in the form of wages and other job-related benefits, including social security, all in an amount to be established at trial.

71.

In addition, Defendant's actions have caused, continue to cause, and will cause Plaintiff to suffer damages for emotional distress, mental anguish, loss of enjoyment of life, and other non-pecuniary losses all in an amount to be established at trial.

## COUNT FOUR
### VIOLATION OF THE REHABILITATION ACT –
### DISCRIMINATION BASED ON THE NEED TO REASONABLY ACCOMMODATE

72.

Plaintiff incorporates by this reference all of the preceding paragraphs of the Complaint.

73.

At the time of her termination, Plaintiff had a disability and/or record of disability as defined by Section 504 of the Rehabilitation Act.

74.

While working for Athens Tech, Plaintiff was entitled to a reasonable accommodation for her disability and/or record of disability under Section 504 of the Rehabilitation Act.

75.

At the time Plaintiff was fired, Defendant, by and through the officers and managers at Athens Tech, knew Plaintiff would continue to need accommodations for her disability and/or record of disability.

76.

Moreover, at all times relevant hereto, Plaintiff has been a qualified individual with a disability in that she was able to perform the essential functions of her job either with or without accommodation.

77.

When Plaintiff was fired, she had been effectively performing the essential job functions of her job for years despite her disability/ record of disability with and without the use of reasonable accommodations.

78.

Upon information and belief, Defendant, by and through its agents at Athens Tech, fired Plaintiff because of the need to provide her with reasonable accommodations.

79.

Moreover, Defendant, by and through its agents at Athens Tech, fired Plaintiff without engaging in any interactive process to determine what reasonable accommodations, if any, she would continue to need.

80.

Defendant, by and through its agents at Athens Tech, fired Plaintiff because of her impairments without obtaining an objective medical assessment to

determine what reasonable accommodations, if any, she would continue to need.

81.

In terminating Plaintiff's employment, Defendant violated Section 504 of the Rehabilitation Act which prohibits discrimination against an otherwise qualified individual with a disability because of the need to make reasonable accommodations for her impairments.

82.

Defendant, by and through its agents at Athens Tech, intentionally, with reckless indifference to Plaintiff's rights, violated Section 504 of the Rehabilitation Act by terminating her employment, despite the clear prohibition of taking adverse action against otherwise qualified individuals based on the need for reasonable accommodation.

77.

As a direct and proximate result of Defendant's intentional discrimination, Plaintiff has suffered out of pocket losses and has been deprived of job-related economic benefits, including income in the form of wages and other job-related benefits, including social security, all in an amount to be established at trial.

78.

In addition, Defendant's actions have caused, continue to cause, and will cause Plaintiff to suffer damages for emotional distress, mental anguish, loss of enjoyment of life, and other non-pecuniary losses all in an amount to be established at trial.

## RELIEF

Plaintiff demands a TRIAL BY JURY and requests the following relief:

(a)     judgment in favor of Plaintiff and against Defendant under Counts One, Two, Three, and/or Four for its unlawful employment practices;

(b)     an injunction prohibiting Defendant from engaging in unlawful employment practices in violation of the ADAAA and from retaliating against Plaintiff or any witness for their participation in this action;

(c)     damages sufficient to make Plaintiff whole by providing for out-of-pocket losses as well as back pay in an amount equal to the sum of any wages, salary, employment benefits or other compensation denied or lost as a result of Defendant's unlawful and discriminatory acts, together with interest thereon, all in an amount to be proven at trial;

(d)     equitable restitution and relief sufficient to cover life, disability, or health insurance and any lost retirement benefits due to Defendant's wrongful termination of Plaintiff's employment;

(e)     compensatory damages for Plaintiff's mental and emotional distress incurred as a result of Defendant's unlawful actions;

(f)     reasonable attorney's fees and costs; and

(g)     such other and further relief as the Court deems just and proper.


Respectfully submitted,

JF Beasley, LLC

By:     /s/ John F. Beasley, Jr.
        John F. Beasley, Jr.
        Georgia Bar No. 045010
        jfbeasley@jfbeasleylaw.com

        31 North Main Street
        P.O. Box 309
        Watkinsville, GA 30677
        Telephone:  706-769-4410
        Facsimile:   706-769-4471

Counsel for Plaintiff